**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KIMBER TAYLOR, | No. 09-35510 |
| Plaintiff - Appellant, | D.C. No. 6:08-cv-00230-AA |
| v. | |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted June 7, 2010
Portland, Oregon

Before: HALL, FERNANDEZ, and McKEOWN, Circuit Judges.

Kimber Taylor ("Taylor") appeals from a judgment of the district court

affirming a decision of the Commissioner of Social Security ("Commissioner")

denying her application for Supplemental Security Income ("SSI") disability

benefits pursuant to Title XVI of the Social Security Act ("the Act").

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The district court had jurisdiction pursuant to 42 U.S.C. § 405(g).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm.

## I.

Because the parties are familiar with the factual and procedural history of this case, we will not recount it here except as necessary to our disposition of the claims of error raised on appeal.

## II.

Taylor raises numerous claims of error as to the Commissioner's findings at Steps Two, Three, and Five of the five-step sequential evaluation process that she is not "disabled" within the meaning of the Act.[1]  The final decision of the Commissioner (here, that of the ALJ) must be affirmed if it is supported by substantial evidence and the correct legal standards were applied.  *See Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).

## A.

At Step Two, the ALJ was required to determine whether Taylor has a medically determinable impairment or combination of impairments that is

---

[1]  Although the ALJ also found at Step Four that Taylor has the residual functional capacity ("RFC") to perform her "past relevant work" as a mail sorter, the Commissioner concedes that finding was not supported by substantial evidence.

-2-

"severe." 20 C.F.R. § 416.920(c). An impairment is not "severe" if it does not significantly limit her ability to do basic work activities. *Id.*, § 416.921(a).

The Commissioner does not dispute that Taylor has medically determinable mental impairments, as confirmed by two non-treating Disability Determination Services ("DDS") psychologists, who opined—in substantial agreement with her primary treating physician and a consulting psychologist who examined her—that she suffers from depressive and anxiety disorders. The Commissioner contends, however, that substantial credible evidence supports the ALJ's finding at Step Two of only "non-severe" impairments. We agree.

In particular, a body of largely undisputed evidence supports the finding that Taylor's mental impairments respond well to treatment with anti-depressant and anti-anxiety medications, and medication used to treat attention deficit disorders, so long as she complies with her treatment plan. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

There is also substantial evidence from a variety of sources—including the DDS psychologists' opinions that her mental impairments result in no more than "mild" functional limitations when the effects of drug and alcohol abuse are

excluded, Taylor's own and her friend's reports of her daily activities since her alleged date of onset, and records of the Oregon Vocational Rehabilitation Division ("VRD")—that directly supports the ALJ's finding that Taylor's impairments are not "severe." In addition, there is substantial evidence that Taylor and her care-giver have exaggerated the extent to which her mental impairments limit her ability to work, and the assessments of the severity of her mental impairments from her treating physician and the examining psychologist are based primarily on her discredited self-reporting. The ALJ properly rejected the latter opinions by providing specific, legitimate reasons for doing so that were supported by substantial evidence. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005).

**B.**

At Step Three, the ALJ was required to determine whether Taylor has any impairment or combination of impairments that meets or equals those impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. In evaluating whether Taylor has such a "listed" disabling condition, the ALJ was required to consider whether her mental impairments meet the so-called "B criteria": (1) marked restriction of activities of daily living; (2) marked difficulties in maintaining social functioning; (3) marked difficulties in maintaining concentration, persistence, or pace; or (4) repeated episodes of decompensation. *Id.*, § 12.00(C). If Taylor's impairments

-4-

meet the B criteria, the ALJ was required to find her disabled. 20 C.F.R. §

416.920(a)(4)(iii); 20 C.F.R. pt. 404, subpt. P, app. 1 §§ 12.04 (affective

disorders), 12.06 (anxiety disorders).

Taylor does not suggest that she meets the fourth B criterion, as there is no

evidence of any episode of "decompensation" in this record. She contends,

however, that she is seriously limited in her ability to function independently,

appropriately, effectively, and on a sustained basis in the other three areas. The

credible evidence in the record does not support Taylor on this point.

As noted, the DDS psychologists opined that, excluding any effects of

alcoholism or drug addiction, which Taylor agrees should not be considered, she

has only "mild" restriction of activities of daily living, and "mild" difficulties in

maintaining social functioning, concentration, persistence, and pace. Based on this

evidence alone, the ALJ properly could find that Taylor does not have any listed

impairment. But the ALJ's determination is also supported by medical records

showing improvement in her conditions with treatment that began in 2003, lay

evidence of her activities of daily living and social functioning since her alleged

date of onset, and VRD records.

## C.

Taylor further contends that the ALJ abused his discretion by denying her

request for a *second* consultative examination to obtain neuro-psychological testing. We disagree. The Social Security Administration ("SSA") has broad latitude in ordering consultative examinations. *Reed v. Massanari*, 270 F.3d 838, 842 (9th Cir. 2001). The SSA may purchase a consultative examination when the evidence as a whole is not sufficient to support a decision on a claim. 20 C.F.R. § 416.919a(b). In this case, however, the ALJ did not find the evidence insufficient to support his decision. Rather, in finding that Taylor was not disabled at Steps Two and Three, the ALJ found dispositive a body of largely undisputed evidence showing that Taylor experienced notable improvement in her mental health status and functioning throughout the period from the date of onset to the date of decision, as a result of medications prescribed by her treating physician and other treatment she received at his clinic. *See Warre*, 439 F.3d at 1006. Thus, the ALJ did not err in declining to order a second consultative examination.

**D.**

At Step Five, the ALJ was required to determine whether, considering her RFC, age, education, and work experience, Taylor is able to perform any work that exists in significant numbers in the national economy. RFC is the ability to perform physical and mental work activities on a sustained basis despite limitations from all of her impairments, whether severe or non-severe. 20 C.F.R.

-6-

§ 416.920(e); *id.*, § 416.945(a). It is SSA's burden at Step Five to provide evidence demonstrating that other work exists in significant numbers in the national economy that Taylor can do. 20 C.F.R. § 416.912(g); *id*., § 416.960(c).

The ALJ's alternative finding at Step Five was supported by substantial evidence. Medical records documenting Taylor's improved mental status and functioning while taking prescribed medications, a statement from her friend regarding her daily activities and relationships with other friends and neighbors, and the testimony of a vocational expert ("VE"), support the ALJ's findings that Taylor has the RFC to perform simple, routine tasks requiring only light to medium exertion, and that she can perform jobs that exist in significant numbers in Oregon and in the national economy, including mail sorter, laundry worker, and food sorter. Conflicting evidence from her care-giver and two former employers does not negate the ALJ's finding at Step Five, and the ALJ could properly reject the reports and opinions of the treating physician and examining psychologist about her functional limitations, as they were based primarily on Taylor's discredited self-reports. *See Batson*, 359 F.3d at 1197.

## IV.

For all of these reasons, the district court judgment upholding the Commissioner's denial of SSI disability benefits is AFFIRMED.